## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICHAEL BRUCE**, individually,

      Plaintiff,

v.

Case No.: 19-cv-12174

**SANA HEALTH INC**., a
Domestic Profit Corporation, and
**SHAHIDA NASIR**, Individually,

      Defendants.

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, MICHAEL BRUCE, brings this action against Defendants, SANA HEALTH INC., ("Sana") and SHAHIDA NASIR (collectively "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and states as follows:

### <u>INTRODUCTION</u>

1.    The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. *See* 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess for 40 hours per workweek.

*See* 29 U.S.C. 207(a).    Third, the FLSA establishes minimum recordkeeping requirements for covered employers.  *See* 29 U.S.C. § 211(a); *see also* 29 U.S.C. § 516.2(a)(7).

2.      Plaintiff was a non-exempt employee for Defendants. However, Defendants implemented illegal pay procedures that deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each workweek.  Plaintiff's Consent to Join this lawsuit is attached as **Exhibit A**.

## JURISDICTION AND VENUE

3.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA as amended, 29 U.S.C. §201, *et seq.*, to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

4.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

5.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7.    At all relevant times, Plaintiff was, and continues to be, a resident of Wayne County, Michigan.

8.    At all relevant times, Defendant, Sana was, and continues to be a Domestic Profit Corporation with a principal place of business in Trenton, Michigan.

9.    Upon information and belief, at all relevant times, Defendant, Nasir was an individual resident of the State of Michigan.

10.    Defendant, Nasir is Defendant's President, Treasurer, Secretary, and Director.

11.    Defendant, Nasir is an employer as defined by 29 U.S.C §201, *et seq*., in that she acted, directly or indirectly, in the interests of Sana Health towards Plaintiff.

12.    At all relevant times, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

13.    At all relevant times, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

14.    At all relevant times, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

15.    At all relevant times, Plaintiff was an "employee" of Defendants

3

within the meaning of FLSA.

16.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of FLSA.

17.     Plaintiff is an "employee" within the meaning of the FLSA.

18.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

19.     At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20.     At all relevant times, Defendants were, and continue to be, an enterprise engaged in the operation of "an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution" within the meaning of the FLSA.

21.     At all relevant times, Plaintiff  "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his handling, building, maintaining, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

22.     At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants' nursing care facilities.

## **STATEMENT OF FACTS**

23.     Defendant, Sana, are nursing care facilities.

24.    Plaintiff worked for Defendants as a non-exempt employee from approximately June 2013 to June 2019.

25.    In June 2014, Plaintiff began working at a construction site in Riverview, Michigan to build a new nursing care facility for Defendants.

26.    Plaintiff worked for Defendants as their carpenter.

27.    Plaintiff was engaged in manual labor.

28.    Plaintiff was engaged in the building of a new nursing facility.

29.    Plaintiff was compensated on a salary basis.

30.    Plaintiff spent the majority of his time performing traditionally non-exempt duties, which included carpentry work, installing a fire caulking system, and reframing door openings and windows.

31.    Plaintiff reviewed the work of independent contractors during his employment with Defendants.

32.    Plaintiff did not supervise employees of Defendants during his employment with Defendants.

33.    Plaintiff worked in excess of forty (40) hours in various weeks throughout the duration of his employment with Defendants.

34.    However, Plaintiff was not properly compensated for all his overtime hours worked during the relevant time period.

35.    Plaintiff did not have the authority or ability to carry out the

5

performance of managerial functions for any of Defendants' employees.

36.    Plaintiff did not manage two or more full-time employees of Defendants or their equivalent.

37.    Plaintiff did not have the authority or ability to hire or fire employees of Defendants.

38.    Plaintiff had no ability to exercise discretion or independent judgment as to matters of significance.

39.    Defendants failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a given workweek.

40.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

41.    Defendants have violated Title 29 U.S.C. §207 in that:

    a.    Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

    b.    No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek while

Plaintiff worked for Defendants and as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

42.    Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent him in the litigation.

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

43.    Plaintiff realleges and reincorporates paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.    Plaintiff worked in excess of forty (40) hours per week.

45.    Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

46.    Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

47.    At all relevant times, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

48.    Defendants' actions were willful and/or showed reckless disregard for

the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they had knowledge, or should have known, such was, and is due to Plaintiff.

49.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

50.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

52.    At all relevant times, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

53.    Plaintiff demands a trial by jury.

## COUNT II

## DECLARATORY RELIEF

54.    Plaintiff realleges and reincorporates paragraphs 1 through 42 of the

Complaint as if fully set forth herein.

55.     Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

56.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

57.     Plaintiff may obtain declaratory relief.

58.     Defendants employed Plaintiff.

59.     Defendant Sana is an enterprise.

60.     Plaintiff was individually covered by the FLSA.

61.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

62.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

63.     Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

64.     Plaintiff is entitled to an equal amount of liquidated damages.

65.     It is in the public interest to have these declarations of rights recorded.

66.     Plaintiff's declaratory judgment action serves the useful purpose of

clarifying and settling the legal relations at issue.

67.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## PRAYER

Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA; Defendants have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA; Defendants did not keep accurate time records; and Defendants failed to prove a good faith defense for the matter.

b.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendants;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

e.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    f.  Ordering any other further relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

                              Respectfully Submitted,

Dated: July 24, 2019

                           */s/ Michael N. Hanna*
                           Michael N. Hanna (P81462)
                           Haba K. Yono (P81114)
                           MORGAN & MORGAN, P.A.
                           2000 Town Center, Suite 1900
                           Southfield MI 48075
                           (313) 739-1950
                           mhanna@forthepeople.com
                           hyono@forthepeople.com

                           *Attorneys for Plaintiff*