**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL BRUCE,

    Plaintiff,                                     CASE NO. 19-12174
v.                                            HONORABLE DENISE PAGE HOOD

SANA HEALTH, INC., *et al.*,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM [#11]

**I.    BACKGROUND**

  **A. Procedural Background**

On July 24, 2019, Plaintiff Michael Bruce ("Plaintiff") filed a Complaint against Defendants Sana Health, Inc. ("Sana") and Shahida Nasir ("Nasir") (collectively "Defendants") alleging violation of 29 U.S.C. § 207, Overtime Compensation (Count I). Plaintiff also seeks declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202. (Count II) [ECF No. 1] On September 30, 2019, Defendants filed an Answer to Plaintiff's Complaint with affirmative defenses. [ECF No. 7] Defendants also filed a Counterclaim on September 30, 2019, alleging Plaintiff violated MCL 600.2919(a) (statutory and/or common law conversion) (Count I). [ECF No. 8]

1

On October 18, 2019, Plaintiff filed a Motion to Dismiss Defendants' Counterclaim. [ECF No. 11] Defendants filed a Response on November 7, 2019, [ECF No. 13] and Plaintiff filed a Reply on November 14, 2019. [ECF No. 14] The Court heard oral arguments on Plaintiff's Motion to Dismiss on December 18, 2019, and the Court ruled on the record to **GRANT** Plaintiff's Motion to Dismiss Defendants' Counterclaim. The Court's ruling is as follows.

### B. Factual Background

Sana is a domestic corporation with its principal place of business in Trenton, Michigan, which owns and operates nursing care facilities. [ECF No. 1, Pg.ID 4] Nasir is Sana's President, Treasurer, Secretary, and Director. [ECF No. 1, Pg.ID 3] Nasir and Sana are employers as defined by 29 U.S.C § 201, et seq. [*Id.*]

Plaintiff was employed by Defendants as a non-exempt employee from approximately June 2013 to June 2019. In June 2014, Plaintiff began performing various roles for Defendants, including carpentry and manual labor, at their construction site in Riverview, Michigan. [*Id.* at 5] Plaintiff's work included "traditionally non-exempt" tasks such as "installing a fire caulking system, and reframing door openings and windows." [*Id.*] Although Plaintiff reviewed the work of independent contractors while employed by Defendants, he did not supervise Defendants' employees. [*Id.*] Plaintiff asserts that he did not have the authority or ability to hire, fire, or exercise discretion over significant matters. [*Id.* at 6] Plaintiff

worked more than 40 hours per week throughout his employment with Defendants and was not properly compensated. Plaintiff now seeks proper compensation under the Fair Labor Standards Act ("FLSA").

Defendants allege that Plaintiff had access to a company credit card and used that card to purchase personal items at Home Depot. [ECF No. 8, Pg.ID 40] Defendants also allege Plaintiff sold some of these items on Facebook's online merchant platform, "Marketplace." [*Id.*] Defendants state that Plaintiff acknowledged his use of the credit card and agreed to reimburse Defendants. Defendants have now brought a state law conversion Counterclaim before the Court and Plaintiff has filed a Motion to Dismiss.

## II.  STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (*citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter

jurisdiction. *Id.* In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In the case of a factual attack, plaintiff carries the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

## III. LEGAL ANALYSIS

Plaintiff asks the Court to dismiss Defendants' Counterclaim for lack of subject matter jurisdiction. Plaintiff argues that Defendants failed to sufficiently plead subject matter jurisdiction in their counterclaim and that Defendants' Counterclaim does not form the same case or controversy as Plaintiff's FLSA claim. [ECF No. 11] Plaintiff contends that Defendants violated Federal Rule of Civil Procedure 8(a) by failing to allege "a short and plaint [sic] statement of the grounds for the court's jurisdiction." Fed. Rules of Civ. P. 8(a). Plaintiff further asserts that Defendants were required to "state the grounds on which [the] Court has jurisdiction" and carry the burden of demonstrating appropriate jurisdiction. *Landreth v. Milan Supply Chain Sols., Inc.*, No. 118-CV-02447, 2019 WL 1006252,

4

at *3 (W.D. Tenn. Mar. 1, 2019) (citing *Berry v. Gen. Motors Corp.*, 848 F.2d 188 (6th Cir. 1988).

The Court possesses federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. And the Court has diversity jurisdiction for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. §1332(a).

Plaintiff asserts that Defendants did not indicate whether their claim arose under federal question or diversity jurisdiction. [ECF No. 11, Pg.ID 57] Defendant Corporation, Sana Health, LLC, is a Michigan organization and the Countercomplaint only alleges $25,000 in damages, which automatically disqualifies Defendants' Counterclaim under diversity jurisdiction.

Defendants cite Federal Rule of Civil Procedure 8(a)(1) to support their assertion that the Court already has jurisdiction. According to Rule 8(a)(1), a claim for relief must include:

> A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

Fed. Rule of Civ. P. 8(a)(1).

Defendants claim they did not include a short and plain statement of the Court's jurisdiction because the "Court already had jurisdiction." [ECF No. 13,

5

Pg.ID72] It is uncontested that the Court already has jurisdiction for Plaintiff's Claim arising under the FLSA, but Defendants' Counterclaim is a state law claim that would require the Court to exercise supplemental jurisdiction under 28 U.S.C. §1367(a). Although the Court can eventually determine Defendants' potential basis for jurisdiction through a process of elimination—no amount in controversy, diverse parties, and a state law claim—the fact that Defendants' jurisdiction rests on contested supplemental jurisdiction establishes that they should have included a jurisdictional basis in their Counterclaim. However, since Defendants could reasonably assert that the Court may have "already had jurisdiction" and relieve them of the Rule 8 jurisdictional pleading requirements, the Court declines to dismiss Defendants' Counterclaim based on a failure to include a "short and plain" jurisdictional statement under Rule 8.

Plaintiff also argues that Defendants' Counterclaim must still be dismissed because it "does not form the same case or controversy as Plaintiff's FLSA claim" [ECF No. 11, Pg.ID 57] and that it will "substantially predominate[]" Plaintiff's federal claim. *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 907 (W.D. Mich. 2016) (quoting 28 U.S.C. §1367(c)(2)). In opposition, Defendants assert that their Counterclaim possesses the related facts necessary for the Court to exercise supplemental jurisdiction.

6

When federal question and diversity jurisdiction are unavailable, district courts may exercise supplemental jurisdiction over state law "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). The Federal Rules of Civil Procedure instruct that a counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Absent those circumstances, Rule 13(b) requires the counterclaim be considered permissive. *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 127 (6th Cir. 1978). Supplemental jurisdiction requires that the counterclaim arise out of the "same case or controversy" as the federal claim. *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002). Cases stem from the same case or controversy when they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Supplemental jurisdiction is discretionary, not mandatory. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011).

As Plaintiff asserts, *Lefeve v. Kim's Day Spa, LLC*, is one example of a district court, within the Sixth Circuit, that dismissed a conversion counterclaim because it did not arise from the same common facts as the FLSA claim. LLC, No. CV 17-12689, 2018 WL 836449, at *2 (E.D. Mich. Feb. 13, 2018). *Lefeve*

7

discussed the unlikelihood "that any facts relevant to Defendants' counterclaims will have any bearing on Plaintiff's [FLSA] claim." *Id.* at 3; *Reed v. Pape Mgmt. Inc.*, No. 1:16CV305, 2016 WL 5405248, at *6 (N.D. Ohio Sept. 28, 2016) (dismissing Defendant's conversion counterclaim because it was unrelated to Plaintiff's FLSA, Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act).

Plaintiff argues that *Cruz* is analogous to the instant case and the Court agrees. *Cruz* found that the court lacked supplemental jurisdiction over the defendants' state law conversion claim because the claim involved "an unrelated, alleged unpaid loan" that did not arise out of the same nucleus of operative fact as the plaintiff's FLSA claim. *Cruz*, 167 F. Supp. 3d at 907-10. The court further opined that the original case presented a "straightforward, one-count complaint for unpaid wages under the FLSA . . . and [Defendants'] claims do not arise out of the same case or controversy for constitutional purposes." *Id.* at 907.

Defendants argue that their Counterclaim arises out of a common nucleus of operative fact because the facts concerning Plaintiff's recovery for unpaid overtime wages "arise out of his employment" with Defendants. [ECF No. 13, Pg. 72] Defendants argue that Plaintiff only filed his FLSA claim after Defendants inquired about his alleged conversion of company resources. [*Id.*] Defendants assert that Plaintiff's Complaint seeking overtime wages stems from his "inappropriate use of

8

the [Company] credit card and the taking and reselling of Defendant's equipment." [*Id.* at Pg.ID 73] Defendants maintain that had they not confronted Plaintiff about his alleged "unauthorized use of the Home Depot credit card . . . Plaintiff would not have filed [his] FLSA claim." [*Id.*] Even if the Court accepts Defendants' view, their argument fails because "none of the evidence that would be needed to prove the [state law conversion] counterclaim[] would be necessary to prove or defend the FLSA claim." *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16CV1875, 2017 WL 879591, at *3 (N.D. Ohio Mar. 6, 2017).

Plaintiff also argues that the instant case is analogous to *Dray v. Mid-S. Inv'rs, Inc.* No. 06-1010-T/AN, 2007 WL 9705977, at *4 (W.D. Tenn. Apr. 4, 2007). *Dray* involved a plaintiff's alleged use of a company credit card to purchase gas for his personal vehicle. *Id.* The court dismissed the state law conversion claim and found that the theft claim "ha[d] no bearing on Plaintiff's claim for unpaid wages." *Id.* The Court finds *Dray* persuasive in determining that the state law conversion claim is "insufficient to confer subject matter jurisdiction." *Id.*

According to Plaintiff, the fact that Plaintiff may owe Defendants money is also insufficient to establish a common nucleus of operative fact. *Lanham v. Metro Towing*, LLC, No. CIV.A. 5:13-188-KKC, 2014 WL 2897430, at *1 (E.D. Ky. June 26, 2014). In *Lanham*, the defendant argued that "[w]hile [the counterclaim] does not arise directly out of the Plaintiff's claim of failure to pay overtime it does affect

9

the ultimate issue of who owes whom money in this situation." *Id.* (internal quotation marks and citation omitted). *Lanham* rejected the defendant's argument because it "would permit any defendant to file unrelated counterclaims without regard to the jurisdictional limitations of the federal courts." *Id.* at 2. The court also opined that "it is always true that when two parties bring suit against each other, the result of each action will determine 'who owes whom money.'" *Id.*

As Plaintiff indicates, if the Court accepts that Plaintiff only pursued FLSA remedies due to Defendants' FLSA misclassification and not because Defendants confronted him about an alleged theft, the evidence needed for the two claims are not sufficiently related. As in *Sneed*, "none of the evidence that would be needed to prove the counterclaim[] would be necessary to prove or defend the FLSA claim . . . ." *Sneed*, 2017 WL 879591, at *3. Plaintiff's FLSA misclassification claim relies on Plaintiff's primary duties during his employment, the number of employees he may have supervised, and the number of hours he worked during the relevant timeframe. Whereas Defendants' conversion Counterclaim relies on Plaintiff's intent to deprive Defendants of their property and proof that Plaintiff purchased unauthorized items with Defendants' credit card.

The Court finds that Defendants have failed to establish that supplemental jurisdiction exists based on a common nucleus of operative fact. Although Defendants' Counterclaim may have been motivated by their confronting Plaintiff

10

about alleged conversion and by Plaintiff's employment with Defendants, the Court finds Defendants' Counterclaim is merely tangential to Plaintiff's FLSA claim.

Plaintiff also extensively cites caselaw in the Sixth Circuit as examples of when district courts have declined to exercise supplemental jurisdiction over state law claims. This is in stark contrast to Defendants who have cited no caselaw to support their position that their Counterclaim warrants supplemental jurisdiction because both claims stem from Plaintiff's employment with Defendants. The Court's decision is guided by Plaintiff's numerous cases from the Sixth Circuit with similar facts and *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). *Gamel* provides that "district courts should consider several factors in deciding whether to exercise supplemental jurisdiction . . . and [that it should] balance those interests against needlessly deciding state law issues." *Id.* (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). After balancing the appropriate interests, the Court finds Defendants' state law conversion Counterclaim is insufficiently related to Plaintiff's FLSA claim and **GRANTS** Plaintiff's Motion to Dismiss.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Defendants' Counterclaim [ECF No. 11] is **GRANTED**.

IT IS ORDERED.

Dated: November 30, 2020    s/Denise Page Hood
United States District Judge